# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARTHUR THOMAS REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV2230 JCH |
| ) | |
| ST. LOUIS CITY BOARD OF ) | |
| POLICE COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Arthur Reed (registration no. 530609), an inmate at Eastern Reception Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.20. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the St. Louis City Board of Police Commissioners (the "Board"), Matthew Tesreau (Police Officer, St. Louis Metropolitan Police Department), Patrick Crowley (same), Michael Frederick (same), Adrienne Bergh (same), Jeremy Stockman (same), Michael McAteer (same), Joshua Layshock (same), Francis Slay (Member, the Board), Julius Hunter (same), Todd Epstein (same), Bettye Battle-Turner (same), Vincent Bommarito (same), and David Heath (same).

Plaintiff alleges that on August 28, 2008, at about 6:00 a.m. he was standing in the middle of the road when defendant Tesreau approached him and ordered him to "get on the ground." Plaintiff says he refused to comply because he was in the

roadway and that he walked to the same sidewalk Tesreau was standing on. Plaintiff claims that when he reached the sidewalk he complied with Tesreau's commands, getting onto his knees and placing his hands on his head. Plaintiff avers that Tesreau then began questioning him as to whether he had been inside one of the vacant houses nearby. Plaintiff says he did not answer, but that he asked Tesreau why he was being detained. Plaintiff alleges that Tesreau then shot him with a Taser on his left arm and torso. Plaintiff claims he felt a lot of pain and was disoriented from the shot of electricity. Plaintiff says that Tesreau then ordered him to put his hands up and that he complied. Plaintiff avers that he and Tesreau then argued about why he was tased, and Tesreau then tased plaintiff a second time. Plaintiff maintains that the second jolt of electricity was worse than the first and that he fell and struck his head on the curb. Plaintiff alleges that while he was on the ground Tesreau kicked him and tased him a third time. Plaintiff says he then lost consciousness.

Plaintiff claims that when he regained consciousness three unidentified police officers were kicking him. Plaintiff alleges that defendant Crowley was present and that he was the highest ranking officer on the scene. Plaintiff maintains that Crowley did nothing to interfere with the beating he was receiving.

Plaintiff says he was not given immediate medical treatment for his injuries and that he continues to suffer chronic head, neck, and back pain as a result of the incident.

Plaintiff alleges that Tesreau filed a falsified arrest report, in which Tesreau alleged that plaintiff had been seen running from a crime scene, that plaintiff had resisted arrest, that Tesreau only tased plaintiff twice, and that plaintiff was offered medical treatment on the scene but had refused it. Plaintiff claims that the falsified report led to his conviction for burglary. Plaintiff states that his conviction is currently before the Missouri Court of Appeals on direct review.

Plaintiff says that defendant Stockman is an internal affairs officer. Plaintiff claims that he filed a criminal complaint with Internal Affairs on August 11, 2009, nearly a year after the incident. Plaintiff states that Stockman was assigned to the case and that Stockman interviewed plaintiff. Plaintiff alleges that he gave Stockman documentary evidence that supported his claim of false arrest. These documents, which are attached as exhibits to the complaint, purportedly show that Tesreau fired his Taser three times and that plaintiff was not offered medical treatment on the scene. Plaintiff alleges that Stockman gave him a hard time about pursuing charges against Tesreau and that Stockman failed to conduct a thorough investigation of the incident.

Plaintiff claims that defendant McAteer is Stockman's supervisor. Plaintiff says he complained to McAteer about the failure of Stockman to conduct an investigation. McAteer, plaintiff claims, responded that he would go with Stockman's decision. Plaintiff alleges that McAteer failed to properly supervise and train Stockman.

Plaintiff says that defendants Bergh, Frederick, and LayShock were Tesreau's supervisors and that they approved Tesreau's arrest report. Plaintiff maintains that these defendants should have seen Tesreau's Taser log, which plaintiff alleges shows that the Taser was fired three times during his arrest. Plaintiff believes that they ought to have noticed the discrepancy between the arrest report and the Taser log and questioned Tesreau about the discrepancy. Plaintiff contends that they tacitly authorized excessive use of force and that they failed to properly train and discipline Tesreau.

Plaintiff alleges that the Board of Police Commissioners and its members, defendants Slay Hunter, Epstein, Battle-Turner, Bommarito, and Heath should have known that Tesreau used excessive force on plaintiff and that they should have done something about it. Plaintiff contends that these defendants were negligent and failed to supervise their subordinates.

Plaintiff further alleges that the Board and its members have a policy of ignoring reports of physical abuse by St. Louis city police officers. Plaintiff points to newspaper articles stating that very few reports of physical abuse are sustained by Internal Affairs. Plaintiff maintains that this policy encourages officers to use excessive force and that it led Tesreau to use excessive force against him.

**Discussion**

Plaintiff's claims against the Board, Tesreau, Crowley, Slay, Hunter, Epstein, Battle-Turner, Bommarito, and Heath survive initial review, and the Court will order these defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants Frederick, Bergh, Stockman, McAteer, or LayShock were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants St. Louis Board of Police Commissioners, Tesreau, Crowley, Slay, Hunter, Epstein, Battle-Turner, Bommarito, and Heath.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants St. Louis Board of Police Commissioners, Tesreau, Crowley, Slay, Hunter, Epstein, Battle-Turner, Bommarito, and Heath shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Frederick, Bergh, Stockman, McAteer, or LayShock because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of December, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE