UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR T. REED, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:10CV2230 JCH |
| | ) |
| ST. LOUIS CITY BOARD OF | ) |
| POLICE COMMISSIONERS, et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, filed January 24, 2011. (Doc. No. 37). The motion is fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff brings this action under 42 U.S.C. § 1983. Named as Defendants[2] are the St. Louis City Board of Police Commissioners (the "Board"), Matthew Tesreau (Police Officer, St. Louis Metropolitan Police Department), Patrick Crowley (same)[3], Francis Slay (Member, the Board), Julius Hunter (same), Todd Epsten (same), Bettye Battle-Turner (same), Vincent Bommarito (same), and David Heath (same).[4]

---

[1] The majority of the Court's background section is taken from Plaintiff's Complaint, to which Defendants have not yet filed an answer.

[2] Plaintiff originally named Michael Frederick, Adrienne Bergh, Jeremy Stockman, Michael McAteer, and Joshua Layshock as Defendants. The Court dismissed the claims against these Defendants for failure to state a claim upon which relief can be granted. (Doc. No. 7, P. 7).

[3] In his response to Defendants' Motion to Dismiss, Plaintiff voluntarily dismisses Patrick Crowley as a Defendant. (Doc. No. 42-1, P. 15).

[4] According to Defendants, Defendants Hunter, Epsten, and Bommarito are no longer members of the Board, and Defendant Heath was never a member of the Board. (Memorandum in Support of Defendants' Motion to Dismiss ("Defendants' Memo in Support"), P. 1 n. 1).

Plaintiff alleges that on August 28, 2008, at approximately 6:00 a.m., he was standing in the middle of the road when Defendant Tesreau approached and ordered Plaintiff to "get on the ground." (Compl., Doc. No. 1, P. 6). Plaintiff refused to comply because he was in the roadway, but did walk to the sidewalk where Tesreau was standing. (Id.). Plaintiff claims that when he reached the sidewalk he complied with Tesreau's commands, getting onto his knees and placing his hands on his head. (Id.). Tesreau then began questioning Plaintiff as to whether he had been inside one of the vacant houses nearby. (Id.). Plaintiff did not answer, instead asking Tesreau why he was being detained. (Id.). According to Plaintiff, Tesreau then shot him with a Taser on his left arm and torso, causing Plaintiff a great deal of pain. (Id.).

After being shot with the Taser, Plaintiff claims he complied with Tesreau's order to put his hands in the air. (Compl., P. 7). Plaintiff and Tesreau then argued about why he was tased, and Tesreau tased Plaintiff a second time, striking him in the abdomen and upper left thigh. (Id.). Plaintiff maintains the second jolt of electricity was stronger than the first, and as a result he fell and struck his head on the curb. (Id.). He further alleges that while he was on the ground, semi-conscious, Tesreau kicked him and eventually tased him a third time. (Id.). Plaintiff states he then lost consciousness completely. (Id.).

When he regained consciousness, three unidentified police officers were kicking Plaintiff. (Compl., P. 7). Sergeant Crowley, the highest ranking officer on the scene, did nothing to interfere with the beating Plaintiff was receiving. (Id., PP. 7-8). Plaintiff asserts that despite his requests, he was not given immediate medical treatment for his injuries, which included swelling of his head, difficulty breathing, and burning both inside and outside his body. (Id., P. 8).

Plaintiff was conveyed to the police station, and charged with burglary, stealing, and resisting arrest. (Compl., P. 8). Approximately ten hours later he was taken to the St. Louis City Justice

Center, where he saw a nurse. (Id.). According to Plaintiff, the nurse explained that without police department approval (which was withheld), he could not see a doctor during the intake process, but would have to wait until he was fully processed. (Id.). Five days later Plaintiff was released on bond, and attempted to get medical care at a V.A. Medical Center, unsuccessfully. (Id.). Plaintiff maintains he continues to suffer chronic head, neck, and back pain as a result of the incident. (Id., PP. 8-9).

Plaintiff alleges that Tesreau filed a falsified incident report, in which he claimed that Plaintiff was seen running from a crime scene, that Plaintiff resisted arrest, that Tesreau only tased Plaintiff twice, and that Plaintiff was offered medical treatment on the scene but refused.[5] (Compl., P. 10). Plaintiff claims the falsified report led to his July 7, 2009, convictions of second-degree burglary, resisting arrest, stealing, first-degree trespass and second-degree property damage.[6] (Id., PP. 11-12; Defendants' Memo in Support, P. 3). With respect to Defendant Tesreau, Plaintiff thus claims he (1) used excessive and unconstitutional force, because Plaintiff was compliant at all times and did not resist arrest; (2) filed a false police report stating that Plaintiff resisted arrest; (3) refused to provide Plaintiff with medical care for his serious and obvious medical injuries; and (4) falsely arrested Plaintiff for the offenses for which Plaintiff was convicted. (Compl., PP. 11-14).

With respect to Police Board members Slay, Hunter, Epsten, Battle-Turner, Bommarito and Heath, Plaintiff alleges they (1) "ratified and approved" Tesreau's use of excessive force and his

---

[5] In his incident report, Defendant Tesreau maintains that upon encountering Plaintiff he ordered him to stop running, and informed Plaintiff he was under arrest, but Plaintiff refused to comply and continued running. (Incident Report, Doc. No. 1-1, P. 11). Tesreau states he then threatened to tase Plaintiff, and did so when Plaintiff again continued running. After the tasing Plaintiff was initially compliant, but when Tesreau told him not to move Plaintiff tried to get up, so Tesreau deployed another burst with the Taser. Tesreau states at that time all resisting ceased and Plaintiff was taken into custody. With respect to medical care, Tesreau states as follows: "EMS was contacted, but Arthur R. refused all medical care at the scene." (Id., P. 12).

[6] Plaintiff's convictions for burglary, resisting arrest, stealing, trespassing and property damage were affirmed on appeal. State v. Reed, 2011 WL 397021 (Mo. App. Feb. 8, 2011).

- 3 -

falsifying of the police report; and (2) were "grossly negligent and failed to properly manage and supervise officer Tesreau and his supervisors." (Compl., P. 31). Plaintiff further alleges the Board and its members have a policy of ignoring reports of physical abuse by St. Louis City police officers. (Id., PP. 33-34). As support, Plaintiff points to newspaper articles stating that very few reports of physical abuse are sustained by Internal Affairs, and that this policy encourages officers such as Tesreau to use excessive force. (Id.).

As stated above, Defendants filed the instant Motion to Dismiss on January 24, 2011, claiming Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. (Doc. No. 37).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140

(E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

### DISCUSSION[7]

I. **Non-Cognizable Claims**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 487; Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking damages and declaratory relief). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487.

A. **Excessive Use Of Force**

In his first claim for relief Plaintiff maintains Defendant Tesreau used excessive and unconstitutional force in effecting Plaintiff's arrest, because Plaintiff was compliant at all times and did not resist arrest. (Compl., PP. 11-12). At no time does Plaintiff claim that use of the Taser in the manner indicated would have constituted excessive force, were the circumstances as described by Defendant Tesreau. Plaintiff's claim thus hinges on a finding that Plaintiff did not resist arrest or

---

[7] Upon consideration, the Court will deny Defendants' Motion to Dismiss on the basis of Rules 8 and 10, as the Court finds pro se Plaintiff's Complaint sufficiently specific and clear to survive attack under those Federal Rules.

- 5 -

attempt to flee. As noted above, however, Plaintiff was convicted by a jury of resisting arrest, and the conviction was affirmed on appeal. See State v. Reed, 2011 WL 397021 at *1, 3. Plaintiff's claim therefore is Heck-barred, as the allegations underlying his §1983 claim for excessive use of force necessarily implicate the validity of his conviction for resisting arrest. Plaintiff's first claim for relief must therefore be denied.

### B. Falsifying Arrest Report And False Arrest

In claims two and four of his Complaint, Plaintiff asserts Tesreau lied when he reported that Plaintiff resisted arrest, and falsely arrested Plaintiff for the offenses for which Plaintiff was eventually convicted. (Compl., PP. 12-14). As noted above, however, Plaintiff was convicted of all the crimes with which he was charged, and the convictions were affirmed on appeal. His §1983 claims that Tesreau's report was inaccurate, and that the arrest itself was unwarranted, necessarily implicate the validity of those convictions. Claims two and four must therefore be dismissed as Heck-barred.[8]

## II. Deliberate Indifference To Serious Medical Need

In his final claim, Plaintiff asserts Tesreau violated his constitutional rights by refusing to provide Plaintiff with medical care for his serious and obvious medical injuries. (Compl., P. 12). Specifically, Plaintiff claims as follows:

> Defendant Tesreau knew that the plaintiff had sustained serious and obvious head injuries from falling as a direct result of the tasering incident. He knew the plaintiff needed immediate medical care, because the plaintiff requested it to him, and he refused the plaintiff's request. Defendant Tesreau knew his refusal was in violation of St. Louis City Police Department's customs and policies, and he either knowingly, or with a deliberate indifference was denying the plaintiff serious, and much needed medical attention.

---

[8] In light of the above rulings, Plaintiff's claims against the Police Board and its members must be dismissed as well. In other words, absent an underlying constitutional violation by the officer, Plaintiff's ratification and failure to train, manage and supervise claims cannot stand. See Sitzes v. City of West Memphis Ark., 606 F.3d 461, 470-71 (8th Cir. 2010); Morris v. Lanpher, 563 F.3d 399, 403-04 (8th Cir. 2009).

(Id.).

"Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's ban against cruel and unusual punishments." Bice v. Jordan, 2011 WL 1226898 at *3 (E.D. Mo. Mar. 30, 2011) (citing Farmer v. Brennan, 511 U.S. 825, 828 (1994)). "Because plaintiff was a pretrial detainee, his claims are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment." Frentzel v. Boyer, 2007 WL 1018663 at *5 (E.D. Mo. Mar. 29, 2007) (citation omitted). "Under the Fourteenth Amendment, pretrial detainees are entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment." Id. (internal quotations and citation omitted).

Plaintiff's claim of deliberate indifference has both an objective and a subjective component. Bice, 2011 WL 1226898 at *3.

> Thus, the relevant questions are: (1) whether plaintiff had a serious medical need and (2) whether the defendant[] had knowledge of such serious medical need but nevertheless disregarded it. A serious medical need is one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

Id. (citations omitted).

Defendants assert Plaintiff's Complaint does not allege sufficient facts to show that he had an objectively serious medical need. (Defendants' Memo in Support, PP. 9-11). Defendants support this assertion by claiming Plaintiff alleges only that his fall resulted in "swelling on his head," and further concedes he was evaluated by medical personnel during the jail intake process on the day of his arrest. (Id., P. 9, citing Compl., PP. 8, 12, 17). Defendants cite to several cases to support their proposition that Plaintiff's swollen head did not constitute an objectively serious medical need. (Id., PP. 10-11, citing Williams-El v. Johnson, 872 F.2d 224, 230-231 (8th Cir. 1989); Pinkston v. Madry, 440 F.3d 879, 891 (7th Cir. 2006); Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990)).

Upon consideration, the Court finds that Plaintiff's allegations are sufficient to withstand Defendants' Motion to Dismiss. In other words, because this matter is before the Court on a motion to dismiss, rather than a motion for summary judgment, the Court assumes all facts alleged in the Complaint to be true. Here, Plaintiff alleges that as a result of the second taser blast he struck the left side of his forehead against the curb; that the third taser blast rendered him unconscious; that the left side of his head was swollen; that he was having difficulty breathing and was in a great deal of pain; and that he requested medical treatment but was refused. (Compl., PP. 7-8). Under Plaintiff's allegations, a reasonable factfinder could find that Defendant Tesreau failed to obtain treatment for Plaintiff, despite knowledge of a substantial risk of harm to Plaintiff.[9]

In his Motion to Dismiss, Defendant Tesreau further asserts Plaintiff fails to establish any alleged delay in medical care caused him serious harm or exacerbated his condition. (Defendants' Memo in Support, P. 11). It is true that under Eighth Circuit law, in order to establish that a delay in medical treatment rose to the level of a Constitutional violation, Plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (internal quotations and citations omitted), cert. denied, 549 U.S. 927 (2006). Upon consideration, however, the Court finds Defendants' assertion that Plaintiff's claim must be dismissed in light of his failure to provide such evidence is more properly addressed in the context of a motion for summary judgment.

## CONCLUSION

Accordingly,

---

[9] The Court further rejects Defendants' assertion that Plaintiff's claim is barred by the doctrine of qualified immunity, because assuming the facts alleged to be true, Tesreau's deliberate indifference to Plaintiff's serious medical need, "violated clearly established federal constitutional or statutory rights of which a reasonable person in [his] position[] would have known." Ottman v. City of Independence, Mo., 341 F.3d 751, 756 (8th Cir. 2003) (citation omitted).

- 8 -

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 37) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Crowley, St. Louis City Board of Police Commissioners, Slay, Hunter, Epsten, Battle-Turner, Bommarito and Heath are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the sole remaining claim in this matter is Plaintiff's claim of deliberate indifference to serious medical need against Defendant Tesreau in his individual capacity.

Dated this 15th day of April, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE